IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                    Criminal Action No. 3:05CR59
                                                    (BROADWATER)

LORRAINE HOLMES,
        Defendant.

**ORDER OF SENTENCING HEARING**

On March 1, 2006, the parties in the above styled matter appeared before the Court for a sentencing hearing. The defendant was present in person and by her counsel Robert C. Stone, Jr. The United States was present by Assistant United States Attorney, Paul T. Camilletti .

The Court placed the defendant under oath. After placing defendant under oath, the Court advised the defendant that, if the Court intends to question the defendant under oath, on the record and in the presence of her lawyer, the defendant's answers may later be used against her in a prosecution for perjury or false statement.[1]

1.    *Presentence Report*.

The Court verified that both the defendant, the defendant's lawyer and the United States received, read and discussed the Presentence Report[2] and that no information was withheld from the parties.[3] The Court further noted that defendant had filed objections to the Presentence

---

[1] *See* FED. R. CRIM. P. 11(c)(5).

[2] 18 U.S.C. § 3552(d); FED. R. CRIM. P. 32(b)(6)(A).

[3] 18 U.S.C. § 3552(d); FED. R. CRIM. P. 32(c)(3)(A).

Report.

Accordingly, the defendant presented argument in support of her objections. The Court issued its rulings to the defendant in the Addendum to Presentence Report and Judgment and Commitment Order Findings Pursuant to Rule 32(c).

2. *Adjudication of Guilt*.

On January 4, 2006, the Defendant tendered a guilty plea in this Court. However there was no written plea agreement. At that time, the Court directed the Probation Officer to prepare a written Presentence Report.[4] However, the Court deferred adjudicating Defendant guilty until the preparation of the Presentence Report and deferred acceptance of the guilty plea.

The Court, having determined that the Probation Officer prepared a complete Presentence Report,[5] adjudicated the Defendant GUILTY of the crime for which she pled: Count One of the Indictment.

3. *The United States Sentencing Guidelines*.

The Court reviewed the tentative findings as to the Defendant's (1) offense level, (2) criminal history, (3) sentencing range, (4) eligibility for probation, (5) period of supervised release, (6) fine range, (7) costs of imprisonment for which the defendant may be liable,[6] (8) costs of community confinement, (9) cost of supervision, and (9) restitution and the applicability of restitution, as determined by the United States Sentencing Guidelines and as set forth in the Presentence Report.

---

[4] 18 U.S.C. § 3552(a); U.S.S.G. § 6A1.1; FED. R. CRIM. P. 32(b)(1).

[5] FED. R. CRIM. P. 32(b)(4)(A) - (H).

[6] 28 C.F.R. § 0.96c(c).

The Clerk confirmed that the defendant did not pay the $100.00 Special Assessment Fee as Ordered.[7] Accordingly, the Court directed that the $100.00 Special Assessment Fee be deducted from the first $100.00 earned by the defendant while incarcerated.

4. *Tentative Findings after Departure*.

The parties did not file any motions to depart from the sentence as imposed by the United States Sentencing Guidelines.[8]

5. *Statement by the Victim*.

The Court, noting that there were no identifiable victims in this criminal matter, dispensed with the requirements of FED. R. CRIM. P. 32(c)(3)(E).

6. *Statements in Aid of Sentencing*.

The Court provided defendant,[9] the defendant's lawyer[10] and the United States[11] an opportunity to comment on the Probation Officer's determinations and other matters relating to the appropriate sentence.[12]

The Defendant did exercise her right. The Defendant's lawyer also addressed the Court.

The United States addressed the Court and made the following recommendations to the Court:

---

[7] 18 U.S.C. § 3013(a)(2)(A); U.S.S.G. § 5E1.3.

[8] U.S.S.G. ch. 5, pt. K.

[9] FED. R. CRIM. P. 32(c)(3)(C).

[10] *Id.* 32(c)(3)(B).

[11] *Id.* 32(c)(3)(D).

[12] *Id.* 32(c)(1).

1) That a serious sentence be imposed upon defendant as it is necessary to send a message the government is serious about its bond requirements.

7.  *Imposition of Sentence*

The Court determined that the defendant's involvement in the instant offense was of a very serious nature. The Court further considered, among other factors,[13] the circumstances of both the crime and the defendant,[14] and the sentencing objectives of punishment,[15] general deterrence,[16] and incapacitation.[17]

Accordingly, the Court sentenced defendant to a term of Six (6) months.

Furthermore, the Court reviewed the factors set forth in 18 U.S.C. §§ 3553(a) & 3572(a)(1) - (8), as well as U.S.S.G. § 5E1.2(e), and determined that defendant did not have the ability to pay a fine. The Court, therefore, waived the imposition of a fine.

The Court determined that defendant was not eligible for a sentence of probation.[18]

Pursuant to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) - (D) & (a)(4) - (6),[19] the Court, following the term of imprisonment, sentenced defendant to a One year period of

---

[13] 18 U.S.C. § 3582(a).

[14] *Id.* § 3553(a)(1).

[15] *Id.* § 3553(a)(2)(A).

[16] *Id.* § 3553(a)(2)(B).

[17] *Id.* § 3553(a)(2)(C).

[18] *Id.* § 3561(a); U.S.S.G. § 5B1.1(b).

[19] 18 U.S.C. § 3583(c).

supervised release.[20]

The Court made the following recommendations to the Bureau of Prisons:

1. That defendant be placed in a facility closest to his place of residence of Martinsburg, West Virginia.

2. That defendant be given credit for time served from January 27, 2006.

8. *Reporting/Detention*.

The Court noted that the provisions of the Mandatory Detention Act apply.[21] Accordingly, the Court remanded defendant to the custody of the United States Marshals Service pending designation to a Federal Facility for service of sentence.[22]

9. *Appellate Rights*.

The Court noted that the defendant did not waive her appellate rights including, as she has not entered a plea agreement. Therefore, the Court advised the defendant that the defendant must file a notice of appeal[23] within ten (10) days after the later of either the judgment or the order being appealed[24] or the filing of the United States' notice of appeal.[25] Furthermore, the Court advised the defendant that, if she is unable to afford a lawyer, the defendant must file a financial affidavit with the United States Court of Appeals for the Fourth Circuit in Richmond,

---

[20] *Id.* § 3583(a); U.S.S.G. § 5D1.1.

[21] 18 U.S.C. §§ 3142 & 3143.

[22] 28 U.S.C. § 4086; 28 C.F.R. § 0.111(k).

[23] FED. R. AP. P. 3(a)(1).

[24] *Id.* 4(b)(1)(A)(i).

[25] *Id.* 4(b)(1)(A)(ii).

Virginia in order to apply for leave to appeal *in forma pauperis*.[26]

10.  *Disposition of Other Matters*.

The Court appointed defendant's lawyer in this criminal matter. The Court directed defendant's lawyer to complete the requisite voucher no later than sixty (60) days after the final disposition of this matter[27] to ensure payment for expenses incurred for the representation of defendant.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to counsel of record herein.

**DATED** March 3rd, 2006.

_____
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE

---

[26] FED. R. CRIM. P. 32(c)(5).

[27] 4TH CIR. R. APP. II.